Filed 5/14/25  P. v. Garcia CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336239 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA109163) |
| v. | |
| MARK AL GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

# INTRODUCTION

Mark Al Garcia appeals from the superior court's resentencing order under Penal Code section 1172.75.[1] The court reduced his original sentence of 82 years to life by one year. It struck a one-year enhancement under section 667.5, subdivision (b) (§ 667.5(b)) for a prior prison term, but determined it lacked authority to strike a second one-year enhancement because that enhancement remained valid under current law. The court also declined to reduce further Garcia's sentence by imposing a concurrent sentence or by dismissing his strikes under the One Strike law or the Three Strikes law. The court acknowledged it had discretion to resentence Garcia as requested, but concluded it was not in the interest of justice to do so. On appeal, Garcia challenges only the court's refusal to dismiss his strikes. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Original Conviction and Sentence*

In 2010, a jury found Garcia guilty of aggravated sexual assault of a child (§ 269, subd. (a)(1)) and of committing a lewd act upon a child (§ 288, subd. (a)). In a bifurcated bench trial, the court found Garcia had sustained one prior conviction that constituted a strike under the One Strike law (§ 667.61) and a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court further found Garcia had served two prior prison terms (§ 667.5(b)).

The trial court sentenced Garcia to 82 years to life in state prison. First, as to his conviction for aggravated sexual assault of

---

[1]  Undesignated statutory references are to the Penal Code unless otherwise specified.

a child, the court imposed a term of 15 years to life pursuant to section 667.61, subdivision (b), of the One Strike Law and doubled it under the Three Strikes law pursuant to sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i), for a total of 30 years to life. Second, as to his conviction for committing a lewd act upon a child, the court imposed a consecutive term of 25 years to life pursuant to section 667.61, subdivision (a), of the One Strike law, doubled under the same sections of the Three Strikes law, and added two consecutive one-year § 667.5(b) enhancements for a total of 52 years to life. This Court affirmed the judgment on appeal. (*People v. Garcia* (April 18, 2012, B229842) 2012 WL 1328490 [nonpub. opn.].)

B.     *Resentencing Proceedings*

In 2022, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) identified Garcia as eligible for resentencing pursuant to section 1172.75. The superior court appointed counsel to represent Garcia, who filed a motion to recall and resentence Garcia.

Garcia's counsel requested the court strike both one-year § 667.5(b) enhancements and fully resentence Garcia, including imposing concurrent rather than consecutive sentences and dismissing the prior strikes pursuant to its authority under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. At the hearing, defense counsel asked the superior court to dismiss the prior conviction under the One Strike law because it was "cruel and unusual punishment under the federal and state constitution," and to recommend Garcia be placed at a prison that offered a sex offender program.

The People stated they had no objection to the superior court striking one of the § 667.5(b) enhancements but opposed the court striking the other because it remained valid under section 1172.75 as an enhancement imposed for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). The People objected to a concurrent sentence or dismissal of any of the strikes.

On December 18, 2023, the superior court recalled and resentenced Garcia to 81 years to life in state prison. It struck one of the § 667.5(b) enhancements but did not otherwise change the sentence. The court determined the second § 667.5(b) enhancement was a sexually violent offense that remained a valid enhancement under section 1172.75. The superior court declined to impose the terms concurrently. The court also stated it was "aware of its discretion to dismiss the strike prior allegation and chooses not to exercise its discretion in this case." It found dismissal of the strikes did not further the interests of justice. The court also declined to recommend a different placement for Garcia.

Garcia timely appealed.

## DISCUSSION

Garcia argues he was entitled to a full resentencing and contends the superior court abused its discretion when it declined to strike his prior strikes under the One Strike law and the Three Strikes law. He does not otherwise challenge the court's resentencing order, including its refusal to dismiss the second § 667.5(b) enhancement, to impose concurrent terms, or to place him in a prison with a treatment program.

4

A.     *Standard of Review*

We review for abuse of discretion the superior court's resentencing order under section 1172.75.  (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 (*Mendoza*); accord, *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 [reviewing denial of motion to dismiss § 12022.5 enhancement under § 1385 for abuse of discretion].)  "'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."'"  (*People v. Buford* (2016) 4 Cal.App.5th 886, 895, italics omitted (*Buford*).)  "[I]n the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives."  (*People v. Giminez* (1975) 14 Cal.3d 68, 72; accord, *People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322.)  "The [sentencing] decision will be upheld so long as there is a reasonable or even fairly debatable justification under the law for the court's decision."  (*Parra Martinez*, at p. 322.)

B.     *Section 1172.75*

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added then section 1171.1, now section 1172.75.  (See *People v. Green* (2024) 104 Cal.App.5th 365, 470; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)  Section 1172.75, subdivision (a), invalidates "'[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any

5

enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'" (*Green*, at p. 370; accord, *Monroe*, at p. 399.)  Once CDCR identifies a defendant serving a sentence that includes a § 667.5(b) enhancement, and the court "verif[ies]" this information, "the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subds. (b), (c); see *People v. Cota* (2023) 97 Cal.App.5th 318, 330.)

In addition to striking invalid § 667.5(b) enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were imposed."  (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord, *Monroe, supra*, 85 Cal.App.5th at p. 402.)  Section 1172.75 "provides that when resentencing occurs, the trial court shall apply 'any other changes in law that reduce sentences' when striking a prison prior (§ 1172.75, subd. (d)(2))."  (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568; accord, *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466.)  Further, "section 1172.75[,] subdivision (d)(1) creates a presumption that the resentencing 'shall result in a lesser sentence than the one originally imposed,'" (*Monroe*, at p. 402) "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)

C.    *Section 1385*

Garcia contends section 1385, subdivision (c), constitutes a change in the law that reduces sentences which the court must apply as directed in section 1172.75, subdivision (d)(2).  In 2022, the Legislature amended section 1385, subdivision (c), to provide that, "[n]otwithstanding any other law, the court shall dismiss an

enhancement if it is in the furtherance of justice to do so."
(§ 1385, subd. (c)(1); see *Mendoza, supra,* 88 Cal.App.5th at
p. 295.) "In exercising its discretion under this subdivision, the
court shall consider and afford great weight to evidence offered by
the defendant" (§ 1385, subd. (c)(2)) as to certain mitigating
circumstances enumerated in subparagraphs (A) through (I) of
that subdivision. Garcia contends the following mitigating
circumstances found in subparagraphs (B), (C), and (H) of
section 1385, subdivision (c)(2), apply here:

"(B) Multiple enhancements are alleged in a single case. In
this instance, all enhancements beyond a single enhancement
shall be dismissed."

"(C) The application of an enhancement could result in a
sentence of over 20 years. In this instance, the enhancement
shall be dismissed."

"(H) The enhancement is based on a prior conviction that is
over five years old."

"Proof of the presence of one or more of these circumstances
weighs greatly in favor of dismissing the enhancement, unless
the court finds that dismissal of the enhancement would
endanger public safety. 'Endanger public safety' means there is a
likelihood that the dismissal of the enhancement would result in
physical injury or other serious danger to others." (§ 1385,
subd. (c)(2).) Section 1385, subdivision (c), further states these
mitigating circumstances "are not exclusive and the court
maintains authority to dismiss or strike an enhancement in
accordance with subdivision (a)." (§ 1385, subd. (c)(4).)[2]

---

[2] Section 1385, subdivision (a), provides in relevant part:
"The judge or magistrate may, either on motion of the court or

7

D.      *Section 1385, Subdivision (c), Applies to Enhancements and Does Not Authorize Courts To Dismiss Prior Strikes Under the Three Strikes Law or Strikes Under the One Strike Law*

Equating strikes with sentencing enhancements, Garcia relies on section 1385, subdivision (c), to argue the superior court was required to dismiss the "strike enhancements" from his sentence.  According to Garcia, "the strike enhancement, the enhancement for prior sexual convictions under Penal Code section 667.61, and the prior conviction enhancements under section 667.5, subdivision (b)" constituted multiple enhancements (in violation of section 1385, subdivision (c)(2)(B)) that resulted in a sentence of over 20 years (in violation of section 1385, subdivision (c)(2)(C)) and at least one of these "strike enhancements" arose from an offense that occurred over 30 years ago (in violation of section 1385, subdivision (c)(2)(H)).  In Garcia's view, the court failed to give "great weight" to these

_____

upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  During the resentencing proceedings, Garcia requested the superior court strike his prior strikes, citing section 1385, subdivision (a), and *Romero, supra*, 13 Cal.4th at pages 529-530.  In *Romero*, our Supreme Court concluded that section 1385, subdivision (a), permits a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law.  (*Romero,* at pp. 529-530.)  *People v. Rogers* (2025) 108 Cal.App.5th 340, 364 recently held, "the trial court had the authority to exercise its discretion under section 1385(a) and *Romero* to strike any or all of [the petitioner's] strike priors after recalling his sentence and for the purpose of resentencing him under section 1172.75."  Despite acknowledging *Rogers's* holding, Garcia does not advance this argument on appeal, and it is forfeited.  (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.)

8

circumstances as required by section 1385, subdivision (c). Garcia argues the superior court abused its discretion when it refused to strike his prior strike convictions under the Three Strikes law or the One Strike law to further reduce his sentence.

California courts have uniformly rejected Garcia's argument. *People v. Burke* (2023) 89 Cal.App.5th 237, 243-244 (*Burke*) explained, "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' . . . The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term."' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. . . . The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (See *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9 [joining the "chorus of appellate opinions" rejecting the argument that the factors set forth in § 1385, subd. (c), for dismissing an enhancement should be applied to *Romero* motions to dismiss prior strikes under § 1172.75]; *Burke, supra,* 89 Cal.App.5th at p. 244 ["section 1385, subdivision (c)'s

9

provisions regarding enhancements do not apply to the Three Strikes law"].)

"Like the Three Strikes law, the One Strike law is an alternative sentencing scheme, but it applies only to certain felony sex offenses." (*People v. Anderson* (2009) 47 Cal.4th 92, 102; accord, *People v. Acosta* (2002) 29 Cal.4th 105, 118-119.) The One Strike law mandates an indeterminate sentence of 15 or 25 years to life in prison when a jury has convicted a defendant of a felony sex crime and has also found one or more factual allegations to be true. (See *Anderson,* at p. 102; see also § 667.61.) The jury's findings in this case fulfilled the requirements of the One Strike law. For the same reasons as articulated in *Burke* and the cases cited above*,* section 1385, subdivision (c)'s provisions regarding enhancements also do not apply to the One Strike law. Thus, the superior court had no authority under section 1385, subdivision (c), to dismiss Garcia's strikes.

Garcia does not meaningfully address any of this case law. Instead he argues, for the first time on reply, that section 1385 "as it pertains to appellant's Three Strikes sentence . . . [is] persuasive rather than direct authority, for the proposition that it reflects the recent approach taken by the Legislature and the courts in reducing excessive sentences." Garcia did not support this contention with reasoned argument or pertinent authority, and it is forfeited. ""'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].'"" (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.)

But even if we were to exercise our discretion to consider the argument, Garcia does not persuasively demonstrate the

superior court abused its discretion when it declined to strike the prior strikes under the Three Strikes law.  Garcia does not demonstrate the "great weight" afforded the mitigating factors he identifies (multiple enhancements; sentence over 20 years; prior conviction over five years) overrides the aggravating factors listed in the probation report the superior court considered (victim was particularly vulnerable; the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; the offense involved sophistication and planning; appellant has engaged in violent conduct that indicates a serious danger to society; and appellant served a prior prison term).  (See *People v. Walker* (2024) 16 Cal.5th 1024, 1029; see also Cal. Rules of Court, rule 4.421.)  We cannot say the superior court's resentencing determination was """arbitrary, capricious or patently absurd."""" (*Buford*, *supra,* 4 Cal.App.5th at p. 895.)

## DISPOSITION

The December 18, 2023 resentencing order is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.                STONE, J.

11